(No. 1783—▮▮▮▮▮▮▮)

JAMES H. BOOK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1935.*

</div>

FRANK G. THOMPSON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his claim herein on the 30th day of June, A. D. 1931 for the recovery of compensation for personal injuries which he claims to have sustained on the 18th day of

March, 1931, while employed as a keeper in charge of the furniture factory at Stateville Prison. It appears from the stipulation and the evidence in the record that on the last mentioned date claimant was severely beaten, kicked, trampled upon, and abused by some of the inmates at Stateville Prison in the course of a riot which occurred there on said date; that he was taken to the prison hospital and examined by the inmate doctor, and on the next day was examined by the prison physician; that he was also examined by his family physician, and some time thereafter a number of X-ray pictures were taken.

He was laid up for several weeks and thereafter was assigned to work as keeper in charge of the hospital, which is lighter work than he previously performed, but received the same pay as he previously received. So far as the record indicates, he is still employed at the same employment and is receiving the same salary.

On account of the fact that he has continued in the same employment and at the same wages as he previously received, and on account of the fact that all doctor and hospital bills have been paid by the State, no claim is made for temporary total compensation, and no claim is made for medicinal, surgical or hospital services.

Claimant complains that he is still disabled and still suffers pain as the result of injuries sustained at the time of the riot; that he still suffers pain in the left side of the head, the left eye, and the left shoulder, as well as in the left side and spine extending up over the heart; that he has pain about the nose, has sinus trouble; that his breathing has been interfered with; that he has headaches constantly, etc.

Claimant's right to compensation for the injuries so sustained by him, must be determined in accordance with the provisions of the Workmen's Compensation Act of this State. Cahill's Revised Statutes, 1933, Chapter 37, Paragraph 467, Section 6.

The Workmen's Compensation Act provides compensation for injuries not resulting in death, as follows:

1. Necessary first aid, medical, surgical and hospital services.
2. For temporary total incapacity.
3. For serious and permanent disfigurement to the hand, head or face.

4. Partial permanent incapacity.
5. Compensation for specific injuries.
6. Complete disability.

The medical, surgical and hospital services have been furnished by the State; no claim is made for temporary total compensation; there is no serious or permanent disfigurement of the hand, head or face; there is no specific loss and it is not claimed that the claimant is completely and permanently disabled.

His claim for compensation, therefore, is limited to permanent partial disability. Section 8-d of the Compensation Act, which has reference to permanent partial incapacity, is as follows:

"If after the injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases covered by the specific schedule set forth in Paragraph (e) of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in Paragraphs (b) and (h) of this section, equal to 50 percentum of the difference between the average amount which he earned before the accident and the average amount which he is earning or able to earn in some suitable employment or business after the accident."

Section B referred to in Section 8-D limits the total amount of compensation to the amount which would have been payable as a death benefit, in case the accident had resulted in the death of the injured employee; and Section H limits the period over which compensation may be paid to eight years from the date of the accident.

Inasmuch as the claimant is still working for the same employer and earning the same amount now as he earned prior to the accident, there is no basis upon which a claim for compensation for partial permanent incapacity can be made at this time.

Notwithstanding that fact, it may be possible that claimant has sustained a permanent partial disability for which he will be able to establish a right to compensation at some future time within the time limited by the Compensation Act.

It is therefore ordered that an award be denied at this time, and that the case be continued on the docket for such further proceedings as may be in conformity with the provisions of the Workmen's Compensation Act.